# United States District Court
# Central District of California

| | |
|---|---|
| VOXX INTERNATIONAL CORP.; and ROSEN ENTERTAINMENT SYSTEMS, LLP,<br><br>               Plaintiffs,<br><br>    v.<br><br>JOHNSON SAFETY, INC.,<br><br>               Defendant. | Case № 2:17-cv-00358-ODW (DTB)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [31]** |

## I.     INTRODUCTION

This case is an action for patent infringement brought by Plaintiff Voxx International Corporation ("Voxx") and Rosen Entertainment Systems, LLP ("Rosen") against Defendant Johnson Safety, Inc. ("Johnson"). (First Am. Compl. ("FAC") ¶¶ 1–4, ECF No. 24.) The case originated in the Southern District of Indiana. (*See id.*) While the case was in that district, Johnson filed a motion to dismiss some of Voxx's claims and to transfer the case to the Central District of California. (ECF No. 31.) The Indiana court granted Johnson's motion to transfer and transferred the case to this Court on January 17, 2017. (ECF No. 47.) Johnson's

motion to dismiss remained pending after the transfer.[1]  (*See id.*)  For the reasons discussed below, the Court **GRANTS** the motion.

## II. FACTUAL BACKGROUND

Voxx claims that Johnson's products infringe seven patents. (FAC ¶¶ 19–46.) The products involved in this suit—both the patented products and the accused products—are all models of video systems for vehicles. Voxx owns three of the asserted patents, and Rosen owns the other four but licenses them to Voxx ("the Rosen Patents"). (*See id.*) Voxx states in the FAC that it joins Rosen as a party plaintiff because "[i]t is possible that [Johnson] would be exposed to suit from Rosen if not joined herein." (*Id.* ¶ 18.)

Voxx alleges that it is the "exclusive licensee" of the Rosen Patents. (*Id.* ¶ 15.) Further, Voxx claims that its exclusive license permits it to enforce the Rosen Patents through litigation and to initiate suit in Rosen's name or to join Rosen in such suit. (*Id.* ¶ 16.)

The license in question is a Patent License Agreement ("PLA") between Voxx and Rosen. (*See* PLA, Ex. A, ECF No. 32-1.) It gives Voxx a license of the Rosen Patents exclusive to making and selling products for original equipment manufacturers of vehicles ("OEMs") and suppliers who directly or indirectly supply services or products to and for an OEM ("Tier Suppliers"). (*Id.* at 1.) The license is explicitly non-exclusive to and for entities other than OEMs and Tier Suppliers. (*Id.*) In addition, Rosen retains the right to sell products covered by the relevant patents to Land Rover Corporation, USA ("Land Rover"). (*Id.* at 4.)

## III. DISCUSSION

Johnson asserts two bases for dismissing portions of Voxx's FAC: (1) lack of standing as to the Rosen Patents; and (2) failure to state a claim on which relief can be granted.

---

[1] After considering the papers filed in connection with these motions, the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

**A. Standing**

Johnson moves to dismiss Voxx's claims for lack of standing only with respect to the Rosen Patents.

**1. Legal Standard**

Standing is a requirement in order for a federal court to hear a plaintiff's claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 555 (1992). Standing pertains to subject matter jurisdiction and is thus properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

The plaintiff bears the burden of demonstrating that it meets both constitutional and prudential standing requirements. *Visioneer, Inc. v. KeyScan, Inc.*, 626 F. Supp. 2d 1018, 1023 (N.D. Cal. 2009). Constitutionally, a party invoking federal jurisdiction must show that it has suffered an "injury in fact," defined as the invasion of a legally protected interest which is (1) concrete and particularized and (2) actual or imminent. *Lujan*, 504 U.S. at 560. The prudential requirement for standing is that "the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Smelt v. Cnty. of Orange*, 447 F.3d 673, 682 (9th Cir. 2006).

In the realm of patent infringement actions, standing hinges on the plaintiff's rights pertaining to the patent(s) at issue. A patent owner is entitled to bring a civil action for infringement of its patent. *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339 (Fed. Cir. 2007). Where all substantial rights under a patent have been assigned to a third party, that third party can also sue in its own name for infringement. *Id.* However, a plaintiff holding exclusionary rights and interests but not all substantial rights to the patent can only enforce its exclusionary rights "through or in the name of

the owner of the patent." *Id.* at 1340 (quoting *Indep. Wireless Tel. Co. v. Radio Corp of Am.*, 269 U.S. 459, 469 (1926)). And if the plaintiff lacks exclusionary rights under the patent statutes, it lacks the constitutional standing necessary to bring a patent enforcement action. *Id.* at 1341 (adding that "[t]his standing deficiency cannot be cured by adding the patent title owner to the suit"); *see also Propat Int'l Corp. v. Rpost, Inc.*, 473 F.3d 1187, 1189 (Fed. Cir. 2007).

### 2. Analysis

The Court will first address prudential standing, which it finds that Voxx has, and then turn to constitutional standing, which Voxx lacks.

#### *i. Prudential Standing*

In order to answer the question whether Voxx has prudential standing to bring this suit, the Court must first characterize Voxx's license to enforce the Rosen Patents within one of the definitions described above. The Court determines that Voxx holds exclusionary rights but not all substantial rights.

First, the Court can easily conclude that Voxx is neither the patent owner nor a *de facto* patent owner holding all substantial rights in the Rosen Patents. The PLA clearly carves out certain areas in which Voxx does not have exclusive rights to use and enforce the Rosen Patents. (*See* PLA 3–4.) For instance, Voxx does not have exclusive rights outside of the OEM and Tier Supplier markets, such as in the field of products sold directly to consumers. (*Id.* at 3.) Further, as previously mentioned, Rosen retains the right to sell to Land Rover and to third parties for direct sale or resale to Land Rover. (*Id.* at 4.) Therefore, Voxx does not own all substantial rights to these patents.

Second, the Court can rule out the possibility of Voxx lacking any exclusionary rights with respect to the Rosen Patents. The plain language of the PLA grants Voxx an exclusive license in certain fields, and therefore, Voxx is not without any exclusionary rights. (*See id.* at 1.) As such, Voxx is subject to the rule that in order to enforce its exclusionary rights, it must do so through or in the name of Rosen, the

patent owner. *See Morrow*, 499 F.3d at 1340.

Here, Voxx has joined Rosen in the action. (*See* FAC ¶ 18.) Johnson argues that this joinder is insufficient, as Rosen has not made an appearance in the suit or been joined through a Rule 19 motion.[2] The Court disagrees. Johnson provides no authority for its contention that a plaintiff who has consented to be named in an action, has been joined and named in the Complaint, and who is represented in the action (albeit here, by the same attorney as Voxx) is not properly joined unless that plaintiff makes an appearance in its own right. The Court finds that Rosen is properly joined in this action and that Voxx has thus met the prudential standing requirements.

### ii. Constitutional Standing

However, Voxx lacks a constitutionally cognizable injury in the relevant field. Because Voxx holds exclusionary rights but not *all substantial* rights in the Rosen Patents, it must join Rosen as a party in order to enforce the exclusionary rights that it has. But that does not mean that Voxx can join Rosen and then sue to enforce the patents outside of the scope of the rights it holds. Here, Voxx's exclusionary rights are limited to products sold to or made for OEMs and Tier Suppliers. And, importantly, Johnson's overhead entertainment systems (corresponding with the products covered in the Rosen Patents) are sold only in the aftermarket—that is, directly to consumers, and not to OEMs or Tier Suppliers. (Chang Decl. ¶¶ 28–34, Ex. B, ECF No. 33.) As Voxx points out, Johnson does sell some products to OEMs and Tier Suppliers. (Opp'n 17–19, ECF No. 45; Chang Decl. ¶ 35.) However, those products are not the ones relevant to this action. (*See generally* FAC.) Voxx's fixation on this point is simply an attempt to distract from the fact that Johnson's accused products are not within the field in which Voxx has exclusionary rights.

---

[2] Federal Rule of Civil Procedure 19 requires that a party who is subject to service of process and whose joinder will not destroy subject-matter jurisdiction be joined if: (1) complete relief cannot be accorded without the party; (2) the party's absence will impede the plaintiff's ability to protect its interests; or (3) the party's absence creates a substantial risk of the defendant incurring double, multiple, or inconsistent verdicts/obligations because of the absent party's interest. Fed. R. Civ. P. 19(a).

Where a plaintiff has only a non-exclusive license in a field, it has no constitutional right to sue to enforce the patent(s). *See Morrow*, 499 F.3d at 1341. Voxx's license in the field of aftermarket (non-OEM or Tier Supplier) sales is non-exclusive. (PLA 3 ("[Rosen] hereby further grants to [Voxx] a paid-up, non-exclusive license to make, have made, import, use, sell, and offer for sale products covered by the Rosen Patents to and for entities other than OEMs and TIER Suppliers.").) Thus, the field relevant to Johnson's products, aftermarket sales, is outside the domain of Voxx's exclusive rights. As per *Morrow*, without exclusionary rights, a plaintiff is void of a constitutionally cognizable injury for purposes of standing. 499 F.3d at 341. Therefore, Voxx has no constitutional standing to enforce the Rosen Patents against products sold in the field of aftermarket sales. The Court thus **DISMISSES** Counts 4, 5, 6, and 7, which pertain to the Rosen Patents, from Voxx's FAC. This dismissal is without leave to amend, since no allegations consistent with the PLA could cure the deficiency.

**B.  Failure to State a Claim**

Johnson alternatively moves to dismiss on the basis that some of Voxx's claims with respect to the Rosen patents do not state a claim on which relief can be granted. However, the Court need not consider this alternative argument since it has already dismissed without prejudice the Rosen Patent claims.

/ /
/ /
/ /
/ /
/ /
/ /
/ /
/ /
/ /

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Johnson's motion to dismiss. (ECF No. 31.) The dismissal of Counts 4, 5, 6, and 7 from Voxx's FAC is without leave to amend.

**IT IS SO ORDERED.**

May 2, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**